ORIGINAL



FILED

09/25/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 24-0532

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 24-0532

FILED

SEP 2 5 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

JORDAN K. KEEFE,

Petitioner,

v.

MONTANA TWENTIETH JUDICIAL DISTRICT
COURT, LAKE COUNTY, HONORABLE
MOLLY OWEN, Presiding,[1]

Respondent.

ORDER

Jordan K. Keefe has filed a Petition for Writ of Mandamus, alleging that Judge James A. Manley "has a clear legal duty to provide the relief requested[.]"

Keefe requests that a writ of mandate issue directing the Lake County District Court to grant an acquittal in Keefe's underlying criminal case (DC-14-16) and an "exoneration of criminal records." Keefe claims that his "[d]eath occurred on Feb. 18th 2022 & Jan. 22nd 2022 [i]n County Jail in 'DOC' custody [through] Sanders County Sheriff's Office." Keefe contends that after his death and revival, he was not allowed to present this exculpatory evidence and testimony rebutting "the State's witnesses that they lied in Reports . . . ." Keefe states that he brought this information to the court's attention, yet he never had a "meritable hearing . . . ." Keefe also refers to his appeal in this Court. *State v. Keefe*, No. DA 22-0381, Order remanding matter to award an additional twenty-five days' credit for elapsed time on Keefe's sentence upon revocation (Oct. 19, 2023). Keefe contends that he has been denied all legal remedies.

A writ of mandamus, also known as mandate, is specific and statutorily driven. To state a claim for mandamus, as Keefe correctly acknowledges, a party must show

---

[1] Judge James A. Manley retired on June 1, 2022, and the Honorable Molly Owen is the presiding Judge since June 20, 2022. We have amended the caption accordingly.

entitlement to the performance of a clear legal duty by the party against whom the writ is directed and the absence of a plain, speedy, and adequate remedy at law. Section 27-26-102, MCA; *Smith v. Missoula Co.*, 1999 MT 330, ¶ 28, 297 Mont. 368, 992 P.2d 834.

It is unclear from his petition how the alleged events that occurred in 2022 have any relationship to his 2015 conviction, but Keefe has not demonstrated a clear legal duty of the Judge to order relief from that conviction or from the subsequent revocation of his suspended sentence. Section 27-26-102(1), MCA; *Smith*, ¶ 28. We observe also that Keefe has not served a copy of his Petition on the District Court or Judge against whom he has filed the Petition. Section 27-26-205, MCA. This Court cannot provide the relief that he has requested and through this remedy.

IT IS THEREFORE ORDERED that Keefe's Petition for Writ of Mandamus is DENIED and DISMISSED.

IT IS FURTHER ORDERED that the Clerk of the Supreme Court is directed to CLOSE this matter as of this Order's date.

The Clerk is also directed to provide a copy of this Order to: the Honorable Molly Owen, District Court Judge; Lyn Fricker, Clerk of District Court, under Cause No. DC-14-16; counsel of record, and Jordan K. Keefe personally.

DATED this 24 day of September, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

2